IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT A. BAGBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-2145-NJR-MAB |
| | ) |
| STATE FARM CASUALTY | ) |
| INSURANCE CO., and | ) |
| MICHAEL L. TIPSORD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See, e.g., McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998))).

Vincent A. Bagby, an individual proceeding *pro se*, filed this Complaint against State Farm Casualty Insurance Co. ("State Farm") and Michael K. Tipsord, in response to what seems to be an insurance dispute (Doc. 1). Even as a *pro se* plaintiff, Mr. Bagby must comply with the Federal Rules of Civil Procedure, which require complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction, [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) ("Rule 8(a)"). Mr. Bagby's Complaint does neither.

Federal Courts are courts of limited jurisdiction and can only exercise authority over matters authorized by the Constitution and by statute. *Turner/Ozanne v.*

*Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Mr. Bagby contends the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers jurisdiction on district courts when there is complete diversity amongst the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

Mr. Bagby alleges that he is a citizen of Georgia and that State Farm is a citizen of Illinois. Unfortunately, however, he fails to allege the citizenship of Michael Tipsord, the other defendant, which makes his jurisdictional statement insufficient. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (complaint did not sufficiently allege diversity jurisdiction where it did not indicate the citizenship of all defendants). Mr. Bagby also mentions several non-diverse defendants throughout the Complaint, including the City of Atlanta, Georgia; Georgia state officials; and Georgia government entities. Thus, it appears complete diversity is lacking. *See Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party.").

Mr. Bagby also references a myriad of federal statutes in the Complaint, suggesting the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. But the Court cannot discern how these statutes are connected to Mr. Bagby's claims. In fact, the nature of the action is not clear, at all, from the convoluted Complaint. And, under Rule 8(a)(2), a complaint must set forth a statement that at least apprises defendants of the nature of the suit against them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8(a)(2) requires that a complaint "give the defendant fair

notice of what the claim is and the grounds upon which it rests.").

In sum, Mr. Bagby's Complaint does not adequately allege subject matter jurisdiction or comply with Rule 8(a). Accordingly, the Court **ORDERS** that Mr. Bagby correct the deficiencies in the Complaint on or before **February 11, 2019**. Otherwise, the Court will dismiss this matter for lack of subject matter jurisdiction and for failure to conform with Rule 8(a).

**IT IS SO ORDERED.**

DATED:   January 11, 2019

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**