IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VINCENT A. BAGBY,

    Plaintiff,

v.

STATE FARM CASUALTY
INSURANCE CO., and
MICHAEL L. TIPSORD,

    Defendants.

Case No. 3:18-CV-2154-NJR-MAB

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Vincent A. Bagby, proceeding *pro se*, filed this action on December 7, 2018 (Doc. 1). He attempts to assert insurance-related claims against Defendants that arose from a collision with a City of Atlanta fire truck in 2010 (*Id.*). On January 11, 2019, the Court reviewed Mr. Bagby's complaint and determined the jurisdictional allegations were lacking, and the nature of his claims were not discernable (Doc. 9). Mr. Bagby was ordered to amend his complaint on or before February 11, 2019, and he was warned that failure to do so would result in the dismissal of his case for lack of subject matter jurisdiction and for failure to conform with Federal Rule of Civil Procedure 8(a) (*Id.*).

    Unfortunately, Mr. Bagby failed to respond to the Court's Order in any way, and this case was dismissed on February 15, 2019 (Docs. 10, 11). On February 27, 2019, Mr. Bagby filed a Motion for Reconsideration (Doc. 12), a Motion for Appointment of Counsel (Doc. 13), a Motion to Compel Service (Doc. 14), a Motion for Summary Judgment

(Doc. 15), and a Motion for Judgment by Default (Doc. 16). The Court construes the Motion for Reconsideration as a motion under Federal Rule of Civil Procedure 59(e), because it raises alleged errors of law and fact. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citations and quotations omitted). Relief under Rule 59(e) is an "extraordinary remedy[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Here, the Court dismissed this case for lack of jurisdiction because it could not determine whether diversity jurisdiction exists under 28 U.S.C. § 1332, whether Mr. Bagby's claims involve a federal question pursuant to 28 U.S.C. § 1331, or whether any other basis for subject matter jurisdiction authorizes the Court to hear this case. Mr. Bagby fails to allege the citizenship of one of the defendants, Michael L. Tipsord. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (where the complaint did not sufficiently allege diversity jurisdiction because it did not state the citizenship of all of the defendants). Also, the complaint refers to the City of Atlanta, Georgia, and other government subdivisions as "co-defendants," and prays for relief against them, but they are not named as defendant in the caption (*See* Doc. 1, pp. 4, 18). To add to the confusion, the complaint cites a multitude of federal laws, including the criminal code, but the allegations are so convoluted that it is impossible to determine whether a federal question actually exists. In sum, the Court could not determine the citizenship of the parties or the

basis of Mr. Bagby's claims.

Aside from the jurisdictional flaws, the Court also determined the complaint fails to comply with Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. In this case, Mr. Bagby's allegations do not meet the bare minimum pleading standard of "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rest." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Now, Mr. Bagby seeks to alter the judgment, arguing that the Court erroneously dismissed his case. According to Mr. Bagby, the Court incorrectly assumed that the City of Atlanta is a defendant. This argument is a non-starter. The Court held that diversity jurisdiction could not be determined because Mr. Bagby does not allege the citizenship of Michael Tipsord. In fact, Mr. Bagby still fails to point out Mr. Tipsord's citizenship.

Also, Mr. Bagby's post-judgment motion confirms that this case does not involve a federal question. He explains that the basis of the claim is breach of contract and "swear[s] and aver[s] that a breach of contract has occurred." Although the complaint and the Rule 59 motion allege Defendants committed federal felonies, private citizens like Mr. Bagby have no right to bring an action under the criminal code. *Mathers v. HSBC Bank*, Case No. 16 C 9572, 2018 WL 3831529, at *5 (N.D. Ill. Aug. 13, 2018) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)).

Furthermore, Mr. Bagby asserts he is entitled to a default judgment because Defendants failed to respond to his complaint. He argues the Court is biased in favor of Defendants and as a result, the Court overlooked the fact that Defendants never filed an Answer. Mr. Bagby states that the conduct of the Court "could be construed to be

evidence of Fraud on the Court, or even a Federal Honest Services Violation by Court personnel." Mr. Bagby's argument is misplaced. Under Rule 12, a defendant must generally file an answer "within 21 days after being served with the summons and complaint." In this case, the docket does not indicate that Defendants were ever served. Although Mr. Bagby suggests that they were, he offers no explanation for his statement.

All-in-all Mr. Bagby's motion—and this action—are frivolous. Accordingly, the Motion for Reconsideration (Doc. 12) is **DENIED**. Accordingly, the Court need not address the Motion for Appointment of Counsel (Doc. 13), Motion to Compel Service (Doc. 14), Motion for Summary Judgment (Doc. 15), or Motion for Judgment by Default (Doc. 16), because they are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: June 20, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**